# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

STUART L. STEIN,

      Plaintiff,

     v.                                  No. 15-cv-00776 WJ-KBM

THE STATE OF NEW MEXICO and
CHIEF JUSTICE BARBARA J. VIGIL,
JUSTICES PETRA JIMENEZ MAES,
RICHARD C. BOSSON, EDWARD L.
CHAVEZ and CHARLES W. DANIELS,
of the NEW MEXICO SUPREME COURT,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR DISQUALIFICATION UNDER 28 U.S.C. §§144 and 455

THIS MATTER comes before the Court upon Plaintiff Stuart Stein's Suggestion of Bias or Prejudice and Disqualification Under 28 U.S.C. §§144 and 455, filed February 28, 2016 (Doc. 24). I find that a response from Defendants is not necessary in order for me to rule on Mr. Stein's request for recusal; therefore, Defendants need not file one. Having reviewed Mr. Stein's pleading and being familiar with the applicable law, I find that Mr. Stein's request for me to recuse has no merit; therefore, his request is denied.

## BACKGROUND

Although Mr. Stein titled his pleading as a "Suggestion of Bias or Prejudice and Disqualification…", I am construing this pleading as a motion by Mr. Stein for me to recuse myself from presiding over this case. Mr. Stein advances several arguments in support of his request for my recusal which I will address in this opinion.

Mr. Stein initiated this case when he filed his *pro se* Complaint (Doc. 1) on September 2, 2015, against the State of New Mexico and the Five Justices of the New Mexico Supreme Court. That same day Mr. Stein also filed his Motion for Preliminary Injunction and Request for Hearing (Doc. 2) which he subsequently renewed when he filed his Renewed Motion for Preliminary Injunction and Request for Hearing (Doc. 20) on December 10, 2015.  Through his complaint and his requests for injunctive relief, Mr. Stein seeks a declaration from this Court that certain New Mexico statutes and Supreme Court Rules requiring the sealing of state court conservatorship and guardianship files ("PQ" files) are unconstitutional.  The net effect of the relief Mr. Stein seeks from this Court would be an unsealing of all the PQ files in conservatorship and guardianship cases pending throughout the New Mexico State District Courts.

The New Mexico Attorney General through Assistant Attorney General Ari Biernoff entered his appearance on behalf of the Defendants and on November 19, 2015, filed a motion (Doc. 17) requesting an extension of time to file Defendants' Answer and Response to Mr. Stein's Motion for Preliminary Injunction, and to "move with respect to Plaintiff's Complaint." On November 30, 2015, Defense Counsel timely filed on behalf of the Defendants an Answer (Doc. 19); however, this responsive pleading filed by Defense Counsel failed to raise any of the Fed. R. Civ. Pro. 12(b) defenses and simply admitted or denied the allegations in Mr. Stein's Complaint.  Moreover, Defense Counsel failed to file any type of response on behalf of Defendants to Mr. Stein's Motion for Preliminary Injunction.

On December 10, 2015, Mr. Stein filed his Renewed Motion for Preliminary Injunction (Doc. 20) and when Defense Counsel failed to timely file any kind of response to this renewed motion, Mr. Stein filed a Notice of Completion (Doc. 22) wherein he requested that the Court

enter a preliminary injunction against Defendants based on D.N.M.LR-Civ. 7.1(b). Under this local rule, the failure of a party to timely respond to a motion constitutes consent to the relief requested in the motion. Had I granted Mr. Stein's Motion for Preliminary Injunction, the effect would have been to unseal all the PQ files in the State District Courts on essentially a default basis because Defense Counsel failed to respond to Mr. Stein's injunction motions.

Because of concerns I have over subject matter jurisdiction and because of the significant public policy implications of unsealing all the state court PQ files without considering what Defendants would no doubt have to say on these important matters, on February 23, 2016, I entered the Order Requiring Defendants to File Response to Plaintiff's Amended Motion for Preliminary Injunction and/or Other Responses to Plaintiff's Complaint (Doc. 23) (the "February 23 Order"). I ordered Defense Counsel to respond to Mr. Stein's Amended Motion for Preliminary Injunction and otherwise file pleadings with regard to Mr. Stein's Complaint. The February 23 Order prompted Mr. Stein to file his request seeking my recusal. Mr. Stein contends that the February 23, 2016 Order requiring Defendants to file a response to Plaintiff's amended motion for preliminary injunction demonstrates either actual bias or an appearance of bias and requires recusal of the undersigned, specifically pointing to what he considers to be ad hominem attacks, a misleading quote and erroneous legal conclusions in the February 23 Order.

**DISCUSSION**

### I.      Recusal Statute

28 U.S.C. § 455(a) requires the recusal of a federal judge "in any proceeding in which his impartiality might reasonably be questioned." The current version of Section 455 was adopted in 1974 to clarify and broaden the grounds for judicial disqualification. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988). "The general language of subsection (a) was designed to promote public confidence in the integrity of the judicial process by replacing the

3

subjective 'in his opinion' standard [of the prior version of the statute] with an objective test. *Id*. (citing S. Rep. No. 93-419, at 5; H. R. Rep. No. 93-1453, at 5).[1] Subsection (b) of the statute contains a list of specific situations in which the judge is required to recuse, including "bias or prejudice" and "interest or relationship" grounds.[2]

The new subsection (b) of §455 incorporated the "bias and prejudice" basis for recusal from an older version of the Judicial Code, 28 U.S.C. § 144, and "spelled out in detail the 'interest' and ' relationship' grounds of recusal that had previously been covered by [the old version of] § 455." *Liteky v. United States*, 510 U.S. 540, 548 (1994):

> Subsection (a), the provision at issue here, was an entirely new "catchall" recusal provision, covering both "interest or relationship" and "bias or prejudice" grounds, . . . but requiring them all to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.

*Id*.; *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (standard under § 455(a) is purely objective). Thus, the § 455(a) inquiry is whether a reasonable person, having knowledge of all the circumstances, would believe that one or more of the "bias or prejudice" or "interest or relationship" grounds for recusal is applicable.

Recusal is required whenever "impartiality might reasonably be questioned." *U.S. v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *Nichols v. Alley*, 71 F.3d

---

[1] Prior to the 1974 amendments, § 455 simply provided: "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein." 28 U.S.C. § 455 (1970 ed.).

[2] The "bias or prejudice" grounds for recusal, as incorporated from 28 U.S.C. § 144, are articulated as "where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The "interest or relationship" grounds for recusal are "spelled out in detail" at 28 U.S.C. § 455(b)(2)-(5). *Liteky v. United States*, 510 U.S. 540, 548 (1994). These grounds include where the judge has previously been a lawyer or material witness in the matter, or expressed an opinion about its merits; where the judge or a person within the third degree of relationship has an interest in the subject matter in controversy; and where the judge or person with the third degree of relationship is likely to be a material witness in the proceeding. 28 U.S.C. § 455(b)(2)-(5).

347, 352 (10th Cir. 1995). The *Nichols* Court further elaborated on §455(a):

> Having stated what §455(a) is intended to accomplish and the standards for analyzing a recusal motion under that statute, we now note the cautions that must accompany our analysis. The statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device. Further, we are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.

*Nichols*, 71 F.3d at 351 (other citations omitted).

Federal law is clear that a motion for recusal must be decided by the judge whose recusal is requested. *See U. S. v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir.1985) ("§ 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge"); *U.S. v. Champlin*, 388 F.Supp.2d 1177 (D.Hawaii, 2005) (§ 455 is addressed to the judge whose recusal is in question and demands that the judge decide for him or herself whether to recuse); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied* , 425 U.S. 944 (1976) (§ 455 is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge); *see, e.g., Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979) (§ 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under § 455, that judge has a duty to recuse himself or herself).

Accordingly, given the controlling legal standards on judicial recusal, I must decide whether a reasonable person might reasonably question my ability to be impartial in discharging my duties as the presiding judge in this case.

## II.     Mr. Stein's Grounds for Recusal

### A.     Mr. Stein's Claim of Bias against him

Mr. Stein claims five instances of bias against him in the February 23 Order.  I will deal with each one separately.

1.  *Ad Hominem Attack*

Mr. Stein asserts I made an "ad hominem" attack against him when the Order described him as "… a disbarred former New Mexico attorney who is proceeding *pro se*. . ." (Doc. 23 at 1). This statement is completely truthful and accurate.  On February 20, 2008, the New Mexico Supreme concluded that Mr. Stein's representation of both a husband and wife involving litigation in both state and federal courts which also involved the appointment of a guardian and conservator for the husband constituted multiple violations of the ethical rules of professional conduct governing the practice of law in New Mexico.  *See In the Matter of Stein*, 143 N.M. 462 (N.M. 2008).   As a result of what the Supreme Court found to be ". . .evidence of repeated intentional misconduct by [Mr. Stein], we accept the hearing panel's recommendation for disbarment.  [Mr. Stein] is therefore disbarred from the practice of law…."  *Id.* at 479.

Mr. Stein may object to my referring to his disbarment but his status as a disbarred attorney is uniquely relevant in the context of this case.  On the third page of the February 23 Order, I required Defense Counsel to respond to Mr. Stein's Renewed Motion for Preliminary Injunction, and I commented to the effect that the situation was somewhat ironic in that the lawyer who was disbarred by the New Mexico Supreme Court apparently knew more about practicing law in federal court than the lawyer charged with the responsibility of representing the interests of the Justices of the New Mexico Supreme Court who are Defendants in this case.  Mr. Stein finds this comment to be disparaging, but has apparently entirely misconstrued the plain meaning of the comment which was as follows:

> The Court cannot help but find irony in this situation in that disbarred attorney Stuart Stein **appears to know more about practicing law in federal court** than

6

> does Defense Counsel who is responsible for representing the Justices of the New
> Mexico Supreme Court.

Doc. 23 at 3 (emphasis added).  It should be obvious that to the extent my comment contained

criticism, that criticism was directed not at Mr. Stein but rather at Defense Counsel for not

responding to motions and creating the circumstances which prompted me to issue the February

23 Order.   Mr. Stein may be sensitive to the fact of his disbarment, but his disbarment is

nevertheless documented in a public document—quite the opposite from the sealed PQ files

which he seeks to have opened for all the public to see.  In the end, Mr. Stein should take the

comment for what it plainly was: a comment on Defense Counsel's shortcomings in the manner

in which he is representing the Defendants in this case rather than antagonism toward Mr. Stein.

   2. *Misleading Quote*

  In the February 23 Order, where Defense Counsel was ordered to  respond to Mr. Stein's

request for a preliminary injunction, I quoted some language in Mr. Stein's Complaint (Doc. 1)

from paragraph 6 on page 3 under the heading "Facts of the Case."  Mr. Stein objects to the part

I quoted because I did not include footnote 1 which was Mr. Stein's citation to a General

Accounting Office ("GAO") Report in September 2010 discussing abusive practices in

guardianship and conservatorship cases.  Mr. Stein characterizes the omission of the footnote as

judicial bias.   While Mr. Stein may prefer the inclusion of the footnote, there is no suggestion

of bias or or favoritism in its exclusion.  Litigants do not get to determine the language that goes

into judicial orders and opinions.  Moreover, the language that I *did* include in the Order was

neither incorrect nor taken out of context.  My objective was simply to give the reader an idea

of what is being alleged in the Complaint; nothing more, nothing less, and that is what was

accomplished.

   3. *Defendant's Failure to Respond Under D.N.M.LR-Civ.7.1(b)*

On this ground for bias, Mr. Stein raises Local Rule 7.1(b), federal jurisdiction and standing.  In the February 23 Order, I observed that Mr. Stein correctly cited to Rule 7.1(b), obviously understanding how this local rule works.  If I am presiding over a case where subject matter jurisdiction is not an issue, then my normal practice is to follow the local rules and when a party fails to respond to a motion, the moving party prevails pursuant to Rule 7.1(b).  There are essentially two reasons why I did not grant Mr. Stein's injunction request under this local rule.  First,  as I noted in my Order,  there are serious questions of standing and jurisdiction which must be determined as threshold issues before giving any consideration to whether Mr. Stein should be granted the relief he requests. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 96-97 (1998) (subject matter jurisdiction must be established as a threshold matter); *Payton v. U.S. Dept. of Agriculture,* 337 F.3d 1163, 1167 (10th Cir. 2003) (jurisdiction is a threshold question that a federal court must address before reaching the merits). This is not an issue of judicial bias, it is an issue of jurisdiction.  Even if I were to recuse, the next judge assigned the case would raise the same jurisdictional issue(s).  Mr. Stein even acknowledges as much in his request for me to recuse, ". . . all courts have an 'independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006)." (Doc. 24 at 18).

Second, even assuming subject matter jurisdiction exists in this case, the public policy considerations which are at risk here justify the development of a full record by all parties concerned.  Since Defendants through their counsel have not responded to Mr. Stein's requests for injunctive relief, I am unwilling to enter a ruling on a default basis that would result in the unsealing of countless numbers of sequestered PQ files thereby making public what countless New Mexicans consider private in reliance upon state statutes and court rules requiring PQ files

to be sequestered.  The legitimate privacy concerns for many individuals are too important and should not be disregarded without at least hearing from the Defendants.  Moreover, while Mr. Stein insists that Local Rule 7.1(b) entitles him to the relief he has requested, he overlooks D.N.M.LR-Civ. 1.7 which is titled "Waiver of Rules" and reads:  "These rules may be waived by a Judge to avoid injustice."  Pursuant to the February 23 Order, Defendants still have time to respond to Mr. Stein's Renewed Motion for Preliminary Injunction but in a case like the instant one where privacy rights and constitutional questions are at stake, this situation may very well be the type of scenario where waiver of certain local rules by a judge is appropriate.  The proper exercise of judicial discretion does not constitute judicial bias.

As for the issue of judicial immunity, Mr. Stein may very well be right in that it does not apply to requests for injunctive relief.  I raised judicial immunity in my order simply because in my experience as a practicing lawyer and as a judge, whenever a judge is sued, the first inquiry that should be made is whether the Doctrine of Judicial Immunity applies.  If this doctrine does not apply, then it does not apply.

4.     <em>Failure to Grant or Address Request for Hearing</em>

Mr. Stein believes that because I did not grant his motion and/or renewed motion for preliminary injunction or set these matters for hearing, I am biased against him.  As I explained in the February 23 Order and will again explain here,  in the exercise of my judicial discretion, I am not going to hear any request for preliminary injunction until I determine that I have subject matter jurisdiction over this case and/or Mr. Stein has standing to bring this case.  Moreover, even if I were to determine that jurisdiction exists, Mr. Stein is not in a position to dictate this Court's scheduling matters.  While this case may be the most pressing matter on Mr. Stein's desk, it is not the most pressing matter on mine.  Priority is given to cases in the order of urgency

9

and importance, with particular attention given to this District's criminal docket where individual

defendants' liberty interests are at stake.  Whether a hearing is appropriate, and if so when it

should he set, is a matter of case management and allocation of judicial resources, not judicial

bias.

      B.    <u>Favoritism Toward Defendants</u>

Mr. Stein next contends that the February 23 Order demonstrates favoritism towards the

Defendants (1) by allowing Defendants another opportunity to respond to his requests for an

injunction and to file pleadings directed at the complaint, even after Defendants had already

received extensions of time, and (2) by directing the Clerk of Court to serve a copy of the

February 23 Order on the five individual Justices of the New Mexico Supreme Court.

As for Mr. Stein's point regarding Defendants' failure to respond to the motions for a

preliminary injunction, I am in complete agreement with him.  That is why I issued the February

23 Order.  No reasonable person can read the February 23 Order and not come away realizing

my displeasure and irritation at Defense Counsel over the irresponsible manner in which he is

representing the Defendants in this case.  Mr. Stein contends that allowing Defendants additional

time shows favoritism toward them.  While this is Mr. Stein's opinion, to which he certainly is

entitled, I am not bound to consider his opinion as a basis for recusal. This case is not a simple

breach of contract case between Mr. Stein and a defendant.  This is a case where Mr. Stein seeks

to have a federal court declare unconstitutional certain statutes enacted by the New Mexico

Legislature and signed by the Governor, and certain State Supreme Court rules adopted by the

Justices of the New Mexico Supreme Court.  The issues advanced by Mr. Stein involve

important matters and are not being taken lightly by me as evidenced by the attention I am

devoting to this case as well as my intention to ensure that a full record is made after input by the

parties, assuming of course that I have jurisdiction to hear this case.  My motivation does not

stem from favoritism towards Defendants or bias directed at Mr. Stein, but from a desire to

ensure that the adversary system works properly so that all sides can be heard.

Finally, Mr. Stein objects to my order requiring service by the Clerk of Court on the

Justices of the New Mexico Supreme Court "…so that they may determine whether their

interests are being adequately represented by the New Mexico Attorney General."  Doc. 23 at 4.

Considering the circumstances which led me to issuing the February 23 Order, there is no

question that the interests of the Defendants to date have not been adequately represented in this

case.  I am not aware of any rule that states a presiding judge cannot attempt to ensure that

parties in litigation are adequately represented by counsel.  My directive to  the Clerk of the

Court to serve a copy of the February 23 Order upon the Justices of the New Mexico Supreme

Court is nothing more than my attempt to ensure that the adversary system is functioning and all

sides in this case will have an opportunity to be heard.

## CONCLUSION

In the instant case, Mr. Stein as a pro se plaintiff wants the sequestration protections for

PQ files created by state statutes and Supreme Court Rules struck down so that he and anyone

else can have unfettered access to the information in these files. The February 23 Order was

prompted by two concerns: (1) the determination of this Court's subject matter jurisdiction over

this litigation; and (2) the substantive public policy and privacy concerns which lie at the heart of

Mr. Stein's request and which call for careful consideration on the merits. Until the jurisdictional

issues are resolved, I will be taking no action on any of Mr. Stein's pending motions for

injunctive relief.  Once that is determined and assuming that jurisdiction exists, I intend for the

merits of this case to be fully developed by both sides before the Court decides whether relief

should be granted to Mr. Stein. This course of action does not constitute bias against one party and favoritism towards another, it is simply the appropriate course of action I am following as the presiding judge in this case consistent with my oath and obligations as a United States District Judge.

As the United States Court of Appeals for the Tenth Circuit so succinctly stated in the *Nichols* case, ". . . we are mindful that a judge has a strong duty to sit where there is no legitimate reason to recuse as he does to recuse when the law and facts require." 71 F.3d at 351. I find no reasonable person would question my ability to be impartial in this case. Having determined that the law and facts do not require recusal in this case, I am mindful of my duty to preside over this case since there is no legitimate reason for me to recuse. Mr. Stein's recusal request is therefore **DENIED.**

**SO ORDERED**

_____

UNITED STATES DISTRICT JUDGE